**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EVELIO CARABALLO, IDOC # B59648,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-590-GPM** |
| | ) | |
| **JOHN DOE 1,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Evelio Caraballo, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of sixteen years' imprisonment at the Shawnee Correctional Center ("Shawnee") for predatory criminal sexual assault, brings this action pro se complaining of the conditions of his confinement. This case is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

Caraballo's pro se complaint in this case in fact is a letter addressed to the United States District Court for the Central District of Illinois that was docketed as a complaint in that court; thereafter, the case was transferred to this District pursuant to 28 U.S.C. § 1404. Briefly put, Caraballo alleges that he is allergic to soy and that on an unspecified occasion or occasions he has been served food containing soy by IDOC personnel, causing Caraballo to suffer an adverse physical reaction. Named as Defendant in the case is "John Doe 1," who apparently is an unknown IDOC employee. Although Caraballo does not identify the federal law under which he brings suit, the Court deduces that it is 42 U.S.C. § 1983, which creates a private civil remedy for damages for deprivations of constitutional rights by persons acting under color of state law. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)) ("Title 42 U.S.C. § 1983 creates a federal cause of action for 'the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.'") (brackets omitted); *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) ("Relief under section 1983 is available to a plaintiff who can demonstrate that a person acting under

color of state law deprived the plaintiff of a right, privilege, or immunity secured either by the Constitution or by federal law.").

Although Caraballo does not specify which of his constitutional rights allegedly has been violated by IDOC personnel, the Court deduces that Caraballo invokes here his Eighth Amendment right to be free of cruel and unusual punishments, including deliberate indifference to his serious medical needs. The Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated[.]" *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Correspondingly, "deliberate indifference to serious medical needs of prisoners" on the part of prison officials "constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety[.]" *Id.* (quoting *Wilson*, 501 U.S. at 297). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to

serious medical needs is whether the officials exhibited 'deliberate indifference.'"). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation omitted).

Importantly, " not . . . every injury suffered by [a] prisoner . . . translates into constitutional liability for prison officials responsible for the [prisoner's] safety." *Farmer*, 511 U.S. at 834. Instead, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id*. at 837. *See also Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (quoting *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)) (a prison official acts with deliberate indifference to a prisoner's medical needs "when the official 'knew of a substantial risk of harm to the [prisoner] and acted or failed to act in disregard of that risk.'"); *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995) (quoting *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994)) ("Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'"). Thus, to be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Farmer*, 511 U.S. at 837 (emphasis added). In the Seventh Circuit, "'deliberate indifference' . . . is merely a synonym for intentional or criminally reckless conduct," that is to say, "conduct 'that

reflects complete indifference to risk – when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death.'" *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991) (quoting *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)). *See also Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'"); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)) (a prison official's conduct "is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, 'the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.'") (brackets and internal citation omitted).

In this instance Caraballo alleges that his soy allergy is known to medical staff at Shawnee and printed on his prison identification card, but he does not allege that his condition was known to food service personnel at Shawnee. Also, Caraballo does not allege that he has been fed soy on a regular basis and in fact it appears from the record that IDOC personnel have investigated Caraballo's complaints that his food allergy is not being accommodated and that Caraballo is receiving a medically-appropriate diet, thereby defeating a claim of deliberate indifference to Caraballo's medical needs. *See* Doc. 1-1; Doc. 7 at 3. Thus, the Court infers from Caraballo's complaint that on an occasion or on occasions in the past IDOC personnel have served Caraballo food containing soy in a manner that may or may not have been negligent. However, a defendant's

inadvertent error, negligence, gross negligence, or malpractice does not rise to the level of deliberate indifference. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[I]t is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference."); *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985) ("[N]egligence, evidenced by . . . simple inattention or inadvertence, may not form the basis for an eighth amendment claim."). Also, to find deliberate indifference, there must be "substantial indifference in the individual case, indicating more than mere negligent or isolated occurrences of neglect." *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997). Thus, "[a] finding that a defendant's neglect of a prisoner's condition was an 'isolated occurrence,' . . . or an 'isolated exception' . . . to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference." *Id*. (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992)). *See also Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (finding frivolous a prisoner's Eighth Amendment claim that while in administrative segregation he became ill from being fed "Vita-Pro[,] a soy-based meat substitute"). The allegations of Caraballo's complaint do not show deliberate indifference to his medical needs, and Caraballo has failed to state a claim for a violation of his Eighth Amendment rights.[1]

---

1. The Court notes that in one of Caraballo's filings in this case he appears to suggest that he has been retaliated against for complaining about being fed soy while in IDOC custody by being placed in disciplinary segregation. *See* Doc. 7 at 1. A prisoner has a right under the First Amendment to file grievances and lawsuits complaining about the conditions of his or her confinement without retaliation by prison officials for the exercise of that right. *See Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). In this case, however, Caraballo does not allege that he was put in segregation for filing grievances or lawsuits regarding the IDOC's alleged failure to accommodate his food allergy. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (if a prisoner alleged in a complaint that a prison official "retaliated against him for filing a suit, without identifying the suit . . . , the complaint would be insufficient, because the [official] would not . . . know[ ] how to respond.") (citation omitted).

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Caraballo's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Caraballo is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: February 22, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge